## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**ROBERT DAVIS**
and
**VENIAS JORDAN, JR.,**
             Plaintiffs,                              Case No. 20-cv-
                                                      Hon.

v.

**WAYNE COUNTY ELECTION COMMISSION,**
**WAYNE COUNTY BOARD OF CANVASSERS,**
**CATHY M. GARRETT,** in her official capacity as Wayne County Clerk,
**BRENDA JONES,** an individual,
**JANICE WINFREY,** in her official and individual capacities as the duly elected City Clerk for the City of Detroit**,**
**DETROIT DEPARTMENT OF ELECTIONS, and**
**DETROIT ELECTION COMMISSION,**
             Defendants.
_____/

**ANDREW A. PATERSON (P18690)**
Attorney for Plaintiffs
2893 E. Eisenhower Pkwy
Ann Arbor, MI 48108
(248) 568-9712
aap43@outlook.com
_____/

    There are no another civil actions between the named parties that arise out the same causes of actions and/or transactions or occurrences pled and alleged herein.

## <u>PLAINTIFFS' COMPLAINT</u>

**NOW COME** Plaintiffs, VENIAS JORDAN, JR. and ROBERT DAVIS[1], by and through their attorney, ANDREW A. PATERSON, and for their Complaint, state as follows:

## I.      NATURE OF PLAINTIFFS' CLAIMS

1. Plaintiffs' claims are brought pursuant to 42 U.S.C. § 1983; 28 U.S.C. §§ 1331, 1337, 1343, and 1367; and, the Declaratory Judgment Act, 28 U.S.C. § 2201, *et. seq.*

## II. **JURISDICTION AND VENUE**

2. This Court has jurisdiction over Plaintiffs' claims pursuant to 42 U.S.C. 1983; 28 U.S.C. §§ 1331, 1332, 1337, 1343, and 1367.

3. This Court also has jurisdiction to render and issue a declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et. seq.*

4. Venue is proper in the Eastern District of Michigan under 28 U.S.C. § 1391(b)(1). Under 28 U.S.C. § 1391(b)(1), venue is proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located."   Upon information and belief, all of the named Defendants are residents of the State of Michigan or have a place of business in the State of Michigan, and at least one of the Defendants

---

[1] Prior to counsel filing the instant action, Plaintiff Robert Davis expressed a possible desire to represent himself, *in propria persona*, in this matter.  Accordingly, counsel may be filing a notice withdrawing as counsel for Plaintiff Robert Davis ONLY in this matter.

reside in the Eastern District of Michigan. Therefore, venue is proper within the Eastern District of Michigan under 28 U.S.C. § 1391(b)(1).[2]

5. All events giving rise to this cause of action occurred in the Eastern District of Michigan.

## III.    PARTIES

6. Plaintiffs repeat, reallege and incorporate, the foregoing allegations, as though fully set forth and stated herein.

7. Plaintiff, Venias Jordan, Jr. **("Plaintiff Jordan"**), is a resident and registered elector of the County of Wayne, State of Michigan.

8. Plaintiff, Robert Davis ("**Plaintiff Davis**"), is a resident and registered elector of the City of Highland Park, County of Wayne, State of Michigan. Plaintiff Davis is also a well-known community and political activist that is also a registered elector of the 13th Congressional District, and who supports and intends on voting for Congresswoman Rashida Tlaib in the upcoming August 4, 2020 primary election.

---

[2] Under 28 U.S.C. § 1391(b)(1) venue is proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." Furthermore, under 28 U.S.C. § 1391(c)(2), a corporation is deemed to reside "in any judicial district in which such defendant is subject to the court's personal jurisdiction."  The determination of the proper venue for a civil action in federal court is "generally governed by 28 U.S.C. 1391." *Atlantic Marine Const. Co. v U.S. District. Court for W.Dist. of Texas*, 571 U.S. 49,, 55 (2013).  "[T]he court must determine whether the case falls within one of the three categories set out in 1391(b). If it does, venue is proper[.]" *Id*. at 55.

9. Defendant, Wayne County Election Commission ("**Defendant County Election Commission**"), pursuant to Mich. Comp. Laws §§ 168.23 and 168.559, is the three-member board, comprised of the Chief Judge of the Wayne County Probate Court, the Wayne County Clerk and the Wayne County Treasurer, and is charged with the statutory duty to prepare and furnish the official ballots for any primary and general election held in Wayne County.  In accordance with Mich. Comp. Laws § 168.23, the Chief Judge of the Wayne County Probate Court serves as the Chairman and the Wayne County Clerk serves as the Secretary of the Defendant County Election Commission.

10. Defendant, Cathy M. Garrett ("**Defendant County Clerk**"), is the duly elected Clerk for the County of Wayne.  As the duly elected county clerk, Defendant County Clerk statutorily serves as the secretary of the Defendant County Election Commission and is the filing official who receives certain affidavit of identities, nominating petitions and filings for certain elected offices.  Additionally, Defendant County Clerk is statutorily responsible for maintaining records filed under the Michigan Campaign Finance Act by certain candidate, ballot question, and political action committees.

11. Defendant, Wayne County Board of Canvassers ("**Defendant Board of Canvassers**"), pursuant to Mich. Comp. Laws §§168.24a, 168.24c and

168.822, and 168.826, is the four-member board selected by a majority of the Wayne County Board of Commissioners that is charged with the statutory duties of canvassing, certifying, determining and declaring the results of elections held in Wayne County.  In accordance with MCL 168.821 and 168.822, the Defendant Board of Canvassers "shall meet at the office of the county clerk no later than 9 a.m. on the Thursday after any election held in the county" and "shall then proceed without delay to canvass the returns of votes cast for all candidates for offices voted for and all questions voted on at the election, according to the precinct returns filed with the probate judge or presiding probate judge by the several city and township clerks[.]"

12. Defendant, Brenda Jones ("**Defendant Jones**"), is a registered and qualified elector in the City of Detroit who is currently holding herself out as a candidate for U.S. Congress for the 13th Congressional District.  Defendant Jones is also currently the duly elected President of the Detroit City Council.

13. Defendant, Janice Winfrey ("**Defendant City Clerk**"), is the duly elected City Clerk for the City of Detroit. Defendant City Clerk has served continuously as the elected City Clerk for the City of Detroit **since January 1, 2006**.

14. Defendant, Detroit Department of Elections ("**Defendant Department of Elections**") is a department created by §3-101 of the 2012 Detroit City Charter

that is charged with the responsibility to plan, monitor, and administer all elections in the City of Detroit. The Defendant Department of Elections is headed by the Defendant Detroit Election Commission.

15. Defendant, Detroit Election Commission ("**Defendant City Election Commission**"), pursuant to §3-102 of the 2012 Detroit City Charter, oversees the Defendant Department of Elections and is composed of the Defendant City Clerk, who serves as it Chairperson; the President of the Detroit City Council (Defendant Brenda Jones); and the Corporation Counsel for the City of Detroit (Lawrence Garcia).

16. An actual controversy exists between the Plaintiffs and the named Defendants.

## GENERAL ALLEGATIONS AND STATEMENT OF FACTS AS TO COUNTS I-IV

17. Plaintiffs repeat, reallege and incorporate, the foregoing allegations, as though fully set forth and stated herein.

18. On April 19, 2020, pursuant to Mich. Comp. Laws §§ 168.133 and 168.558, Defendant Jones filed with the Defendant Wayne County Clerk nominating petitions along with an affidavit of identity to qualify as a candidate for U.S. Congress for the 13th Congressional District.   (**See Defendant Jones' Affidavit of Identity attached as Exhibit A**).

19. Mich. Comp. Laws §168.558(4) states in relevant part:

> An affidavit of identity must include a statement that as of the date of the affidavit, all statements, reports, late filing fees, and fines required

of the candidate or any candidate committee organized to support the candidate's election under the Michigan campaign finance act, 1976 PA 388, MCL 169.201 to 169.282, have been filed or paid; and a statement that the candidate acknowledges that making a false statement in the affidavit is perjury, punishable by a fine up to $1,000.00 or imprisonment for up to 5 years, or both.

20. Mich. Comp. Laws §168.558(4) further provides:

> ***An officer shall not certify to the board of election commissioners the name of a candidate*** who fails to comply with this section, ***or the name of a candidate who executes an affidavit of identity that contains a false statement with regard to any information or statement required under this section.*** (emphasis supplied).

21. On May 30, 2020, Plaintiff Davis sent an email to Gil Flowers, the Campaign Finance Manager for the Office of the Defendant Wayne County Clerk, seeking to confirm information contained on Defendant Wayne County Clerk's public campaign finance website regarding Defendant Jones and her campaign committee for re-election to the Detroit City Council. (**See Plaintiff Davis' May 30, 2020 Email attached as Exhibit B**).

22. Specifically, Plaintiff Davis' May 30th email communication sought to confirm that Defendant Jones' City Council Candidate Committee had **multiple campaign finance reports and/or statements that remained unfiled** as of the date of her affidavit of identity and as of the date of Plaintiff

Davis' May 30th email. (**See Plaintiff Davis' May 30, 2020 Email attached as Exhibit B**).

23. On June 2, 2020, Gil Flowers responded and advised Plaintiff Davis that "Per our online record this committee has failed to file several amendment campaign statements." (**See Gil Flowers' June 2, 2020 Email Reply attached as Exhibit B**).

24. Then on June 1, 2020, Plaintiff Davis sent another email communication to Gil Flowers seeking confirmation as to whether Defendant Jones had filed a postelection statement required under Mich. Comp. Laws §168.848 prior to Defendant Jones assuming the duties of Detroit City Councilwoman on January 1, 2018. (**See Plaintiff Davis' June 1, 2020 Email to Gil Flowers attached as Exhibit C**).

25. On June 3, 2020, Gil Flowers responded and advised Plaintiff Davis that, as of June 3, 2020, neither Defendant Jones nor Wayne County Prosecutor Kym Worthy had filed with the Defendant Wayne County Clerk the postelection statement required under Mich. Comp. Laws §168.848. (**See Gil Flowers' June 3, 2020 Response attached as Exhibit C**).

26. Despite having this information, which included Plaintiff Davis' detailed emails and Gil Flowers' responses, on June 5, 2020, members of the Defendant Election Commission convened and voted to certify and approve

Defendant Jones' name to appear on the August 4, 2020 primary election ballot.

27. Defendants County Election Commission and County Clerk were aware of the deficiencies in Defendant Jones' affidavit of identity prior to the Defendant Election Commission convening and meeting to approve the primary election ballots and certifying the candidates' names for the various offices on June 5, 2020.

## V. CAUSES OF ACTION

## COUNT I

**Fourteenth Amendment Equal Protection "Class-of-One" Claim-Defendant Election Commission Denied Plaintiffs Equal Protection Under The Law Due To Their Personal Animus Against Plaintiff Davis.**

28. Plaintiffs repeat, reallege and incorporate, the foregoing allegations, as though fully set forth and stated herein.

29. This claim is brought by Plaintiff Davis against Defendant Election Commission pursuant to 42 U.S.C. § 1983 and the Declaratory Judgment Act, 28 U.S.C. § 2201, *et. seq.*

30. As noted, on April 19, 2020, pursuant to Mich. Comp. Laws §§ 168.133 and 168.558, Defendant Jones filed with the Defendant Wayne County Clerk nominating petitions along with an affidavit of identity to qualify as a

candidate for U.S. Congress for the 13th Congressional District. (**See Defendant Jones' Affidavit of Identity attached as Exhibit A**).

31. Mich. Comp. Laws §168.558(4) states in relevant part:

> An affidavit of identity must include a statement that as of the date of the affidavit, all statements, reports, late filing fees, and fines required of the candidate or any candidate committee organized to support the candidate's election under the Michigan campaign finance act, 1976 PA 388, MCL 169.201 to 169.282, have been filed or paid; and a statement that the candidate acknowledges that making a false statement in the affidavit is perjury, punishable by a fine up to $1,000.00 or imprisonment for up to 5 years, or both.

32. Mich. Comp. Laws §168.558(4) further provides:

> An officer shall not certify to the board of election commissioners the name of a candidate who fails to comply with this section, or the name of a candidate who executes an affidavit of identity that contains a false statement with regard to any information or statement required under this section. (emphasis supplied).

33. On May 30, 2020, Plaintiff Davis sent an email to Gil Flowers, the Campaign Finance Manager for the Office of the Defendant Wayne County Clerk, seeking to confirm information contained on Defendant Wayne County Clerk's public campaign finance website regarding Defendant Jones and her campaign committee for re-election to the Detroit City Council. (**See Plaintiff Davis' May 30, 2020 Email attached as Exhibit B**).

34. Specifically, Plaintiff Davis' May 30th email communication sought to confirm that Defendant Jones' City Council Candidate Committee had **multiple campaign finance reports and/or statements that remained unfiled** as of the date of her affidavit of identity and as of the date of Plaintiff Davis' May 30th email. (**See Plaintiff Davis' May 30, 2020 Email attached as Exhibit B**).

35. On June 2, 2020, Gil Flowers responded and advised Plaintiff Davis that "Per our online record this committee has failed to file several amendment campaign statements." (**See Gil Flowers' June 2, 2020 Email Reply attached as Exhibit B**).

36. Then on June 1, 2020, Plaintiff Davis sent another email communication to Gil Flowers seeking confirmation as to whether Defendant Jones had filed a postelection statement required under Mich. Comp. Laws §168.848 prior to Defendant Jones assuming the duties of Detroit City Councilwoman on January 1, 2018. (**See Plaintiff Davis' June 1, 2020 Email to Gil Flowers attached as Exhibit C**).

37. On June 3, 2020, Gil Flowers responded and advised Plaintiff Davis that, as of June 3, 2020, neither Defendant Jones nor Wayne County Prosecutor Kym Worthy had filed with the Defendant Wayne County Clerk the postelection

statement required under Mich. Comp. Laws §168.848. (**See Gil Flowers' June 3, 2020 Response attached as Exhibit C**).

38. Despite having this information, which included Plaintiff Davis' detailed emails and Gil Flowers' responses, on June 5, 2020, members of the Defendant Election Commission convened and voted to certify and approve Defendant Jones' name to appear on the August 4, 2020 primary election ballot.

39. Despite having credible information proving that Defendant Jones had outstanding campaign finance statements due at the time she filed her affidavit of identity with the Defendant Wayne County Clerk, the Defendant County Election Commission purposely ignored Plaintiff Davis' email communications and supporting documentation, and nonetheless certified and approved Defendant Jones' name to appear on the August 4, 2020 primary election ballot as a candidate for U.S. Congress for the 13th Congressional District.

40. Despite having credible information proving that at the time she filed her affidavit of identity with the Defendant Wayne County Clerk, Defendant Jones had failed to file the postelection statement required under Mich. Comp. Laws §168.848 of Michigan Election Law, the Defendant County Election Commission purposely ignored Plaintiff Davis' email communications and

supporting documentation, and nonetheless certified and approved Defendant Jones' name to appear on the August 4, 2020 primary election ballot as a candidate for U.S. Congress for the 13th Congressional District.

41. A member of the Defendant Election Commission, Wayne County Treasurer Eric Sabree, abstained from voting on the question of certifying and approving candidates' names to appear on the August 4, 2020 primary election ballot for the office of Wayne County Prosecutor.

42. The Defendant County Election Commission ignored Plaintiff Davis' written communications and supporting documentation and violated their clear legal duty not to certify candidates' names to appear on the August 4, 2020 primary election ballot who did not comply with the requirements of Mich. Comp. Laws §168.558(4) because some members of the Defendant Election Commission have a personal animus against Plaintiff Davis.

43. The personal animus some members of the Defendant County Election Commission have towards Plaintiff Davis stem from Plaintiff Davis' meritorious litigation against the Defendant County Election Commission and some of its members.

44. The personal animus some members of the Defendant County Election Commission have towards Plaintiff Davis also stem from Plaintiff Davis'

public criticism of the Defendant County Election Commission and some of its members.

45. Defendant County Election Commission ignored its clear legal duty not to certify a candidate's name who failed to comply with Mich. Comp. Laws §168.558(4) because of the personal animus members of the Defendant County Election Commission have towards Plaintiff Davis.

46. The majority of issues or matters in which Plaintiff Davis have been associated or alleged to have been associated with that have appeared before the Defendant County Election Commission have been either rejected or met with tremendous resistance and/or hostility by the Defendant County Election Commission, especially by its Chairman.

47. Such actions by the Defendant County Election Commission have denied Plaintiff Davis equal protection under the law under the "class-of-one" theory.

48. "The Equal Protection Clause prohibits discrimination by government which either burdens a fundamental right, targets a suspect class, or intentionally treats one differently than others similarly situated without any rational basis for the difference." *Tihealth v Bd of Com'rs, Hamilton Co., OH*, 430 F.3d 783, 788 (6th Cir. 2005).

49. "A 'class of one' plaintiff may demonstrate that government lacks a rational basis either by negativing every conceivable basis which might support the government action, or by showing that the challenged action was motivated by animus or ill-will." *Trihealth*, 430 F.3d at 788.

50. "The purpose of the equal protection clause of the Fourteenth Amend is to secure every person within the State's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents." *Sioux City Bridge Co. v Dakota County*, 260 U.S. 441, 445 (1923) (internal citations and quotation marks omitted).

51. In the case at bar, Plaintiff Davis' equal protection claim is based on the 'class-of-one' theory.  Defendant County Election Commission treated Plaintiff Davis differently than others that have appeared and/or provided information to the Defendant Election Commission regarding candidate certification.

**WHEREFORE**, Plaintiff Davis requests that this Court enter judgment against Defendant County Election Commission as follows:

a. compensatory damages in whatever amount above $75,000.00 Plaintiff is found to be entitled;

b. an award of lost wages and the value of fringe benefits, past and future;

c. an award of exemplary and punitive damages;

    d. an award of interest, costs and reasonable attorney fees under 42 USC §1988;

    e. a declaration that the Defendant County Election Commission denied Plaintiff Davis equal protection under the law under the class-of-one theory; and

    f. an order awarding whatever other equitable relief appears appropriate at the time of final judgment.

## COUNT II
### First Amendment Retaliation Claim-Defendant County Election Commission Retaliated Against Plaintiff Davis For Exercising His First Amendment Rights By Violating Mich. Comp. Laws §168.558(4) And Certifying Defendant Jones' Name To Appear On The August 4, 2020 Primary Election Ballot.

52. Plaintiffs repeat, reallege and incorporate, the foregoing allegations, as though fully set forth and stated herein.

53. This claim is brought by Plaintiff Davis against Defendant County Election Commission pursuant to 42 U.S.C. § 1983 and the Declaratory Judgment Act, 28 U.S.C. § 2201, *et. seq.*

54. As noted, on May 30, 2020, Plaintiff Davis sent an email to Gil Flowers, the Campaign Finance Manager for the Office of the Defendant Wayne County Clerk, seeking to confirm information contained on Defendant Wayne County Clerk's public campaign finance website regarding Defendant Jones and her campaign committee for re-election to the Detroit City Council. (**See Plaintiff Davis' May 30, 2020 Email attached as Exhibit B**).

55. Specifically, Plaintiff Davis' May 30th email communication sought to confirm that Defendant Jones' City Council Candidate Committee had

**multiple campaign finance reports and/or statements that remained unfiled** as of the date of her affidavit of identity and as of the date of Plaintiff Davis' May 30th email. (**See Plaintiff Davis' May 30, 2020 Email attached as Exhibit B**).

56. On June 2, 2020, Gil Flowers responded and advised Plaintiff Davis that "**Per our online record *this committee has failed to file* several amendment campaign statements**." (**See Gil Flowers' June 2, 2020 Email Reply attached as Exhibit B**).

57. Then on June 1, 2020, Plaintiff Davis sent another email communication to Gil Flowers seeking confirmation as to whether Defendant Jones had filed a postelection statement required under Mich. Comp. Laws §168.848 prior to Defendant Jones assuming the duties of Detroit City Councilwoman on January 1, 2018. (**See Plaintiff Davis' June 1, 2020 Email to Gil Flowers attached as Exhibit C**).

58. On June 3, 2020, Gil Flowers responded and advised Plaintiff Davis that, as of June 3, 2020, neither Defendant Jones nor Wayne County Prosecutor Kym Worthy had filed with the Defendant Wayne County Clerk the postelection statement required under Mich. Comp. Laws §168.848. (**See Gil Flowers' June 3, 2020 Response attached as Exhibit C**).

59. Despite having this information, which included Plaintiff Davis' detailed emails and Gil Flowers' responses, on June 5, 2020, members of the Defendant County Election Commission convened and voted to certify and approve Defendant Jones' name to appear on the August 4, 2020 primary election ballot.

60. Despite having credible information proving that Defendant Jones had outstanding campaign finance statements due at the time she filed her affidavit of identity with the Defendant Wayne County Clerk, the Defendant County Election Commission purposely ignored Plaintiff Davis' email communications and supporting documentation, and nonetheless certified and approved Defendant Jones' name to appear on the August 4, 2020 primary election ballot as a candidate for U.S. Congress for the 13th Congressional District.

61. Despite having credible information proving that at the time she filed her affidavit of identity with the Defendant Wayne County Clerk, Defendant Jones had failed to file the postelection statement required under Mich. Comp. Laws §168.848 of Michigan Election Law, the Defendant County Election Commission purposely ignored Plaintiff Davis' email communications and supporting documentation, and nonetheless certified and approved Defendant

Jones' name to appear on the August 4, 2020 primary election ballot as a candidate for U.S. Congress for the 13th Congressional District.

62. Plaintiff Davis is supporting and voting for incumbent Congresswoman Rashida Tlaib.

63. From Plaintiff Davis' email communications to Gil Flowers, members of the Defendant Election Commission could easily determine that Plaintiff Davis was not supporting Defendant Jones' candidacy for the U.S. Congress.

64. In fact, Plaintiff Davis has learned that members of the Defendant County Election Commission advised members of the community and Defendant Jones' campaign advisors/surrogates of the same.

65. Defendant County Election Commission retaliated against Plaintiff Davis for exercising his First Amendment Right of political association for supporting Congresswoman Rashida Tlaib's re-election campaign.

66. Some members of the Defendant County Election Commission and their staffs have expressed publicly that they believe that the 13th Congressional seat, which was held for many decades by the late-great Hon. John Conyers, Jr., is a "black seat".

67. Defendant County Election Commission also retaliated against Plaintiff Davis for filing meritorious lawsuits against the Defendant County Election Commission and its members.

68. Defendant County Election Commission retaliated against Plaintiff Davis for publicly criticizing the Defendant County Election Commission for purposely and deliberately violating Michigan Election Laws in an effort to support their preferred candidates.

69. Defendant County Election Commission retaliated against Plaintiff Davis by taking the adverse action of certifying and approving Defendant Jones' name to appear on the August 4, 2020 primary election ballot despite their clear legal duty under Mich. Comp. Laws §168.558(4) not to do so.

70. By allowing an otherwise ineligible candidate's name to appear on the ballot is taking votes away from Plaintiff Davis' candidate.

71. Some members of the Defendant County Election Commission have publicly endorsed and supported Defendant Jones' candidacy for U.S. Congress for the 13th Congressional District.

**WHEREFORE**, Plaintiff Davis requests that this Court enter judgment against Defendant Wayne County Election Commission as follows:

a. compensatory damages in whatever amount above $75,000.00 Plaintiff is found to be entitled;

b. an award of exemplary and punitive damages;

c. an award of interest, costs and reasonable attorney fees under 42 USC §1988;

d. a declaration that the Defendant County Election Commission retaliated against Plaintiff Davis for exercising his First Amendment rights by

approving and certifying Defendant Jones' name to appear on the August 4, 2020 primary election ballot as a candidate for U.S. Congress; and

e. an order awarding whatever other relief appears appropriate at the time of final judgment.

## COUNT III
**State Law Claim-Writ of Mandamus Compelling Defendants County Clerk and County Election Commission To Correct August 4, 2020 Primary Election Ballots By Removing Defendant Jones' Name As A Candidate For U.S. Congress for the 13th Congressional District And/Or Not Counting Votes Cast For Defendant Jones Pursuant To Mich. Comp. Laws §§ 168.567 and 168.558(4).**

72. Plaintiffs repeat, reallege and incorporate, the foregoing allegations, as though fully set forth and stated herein.

73. This claim is brought by Plaintiffs Davis and Jordan against Defendants County Election Commission and County Clerk seeking a writ of mandamus under Michigan Law.

74. This Court shall exercise Supplemental Jurisdiction over this state-law claim.

75. As a registered voter of the 13th Congressional District, and the State of Michigan, Plaintiff Davis has standing to bring this mandamus action against Defendants County Election Commission and County Clerk under Michigan law.

76. As a registered voter of the State of Michigan, Plaintiff Jordan has standing to bring this mandamus action against Defendants County Election Commission and County Clerk under Michigan law.

77. Plaintiff Davis intends to support and vote for Congresswoman Rashida Tlaib in the upcoming August 4, 2020 primary election.

78. Plaintiff Jordan intends to support Congresswoman Rashida Tlaib by volunteering for her re-election campaign and by making a small monetary campaign contribution to her congressional re-election campaign.

79. Plaintiff Davis has Congresswoman Rashida Tlaib's lawn sign in his yard at his residence.

80. Mich. Comp. Laws §168.550 of Michigan Election Law, states:

> **No candidate shall have his name printed upon any official primary election ballot of any political party** in any voting precinct in this state **unless he shall have filed nominating petitions according to the provisions of this act, and all other requirements of this act have been complied within his behalf**, except in those counties qualifying candidates upon the payment of fees. (emphasis supplied).

81. Mich. Comp. Laws §168.558(1) of Michigan Election Law, states in relevant part:

> (1) When filing a nominating petition, qualifying petition, filing fee, or affidavit of candidacy for a federal, county, state, city, township, village, metropolitan district, or school district office in any election, a candidate shall file with the officer with whom the petitions, fee, or affidavit is filed 2 copies of an affidavit of identity.

82. Mich. Comp. Laws §168.558(4) of Michigan Election Law, further provides in pertinent part:

(4) An affidavit of identity must include a statement that as of the date of the affidavit, all statements, reports, late filing fees, and fines required of the candidate or any candidate committee organized to support the candidate's election under the Michigan campaign finance act, 1976 PA 388, MCL 169.201 to 169.282, have been filed or paid; and a statement that the candidate acknowledges that making a false statement in the affidavit is perjury, punishable by a fine up to $1,000.00 or imprisonment for up to 5 years, or both. If a candidate files the affidavit of identity with an officer other than the county clerk or secretary of state, the officer shall immediately forward to the county clerk 1 copy of the affidavit of identity by first-class mail. The county clerk shall immediately forward 1 copy of the affidavit of identity for state and federal candidates to the secretary of state by first-class mail. ***An officer shall not certify to the board of election commissioners*** the name of a candidate who fails to comply with this section, ***or the name of a candidate who executes an affidavit of identity that contains a false statement with regard to any information or statement required under this section***.  (emphasis supplied).

83. Mich. Comp. Laws §168.559 of Michigan Election Law states:

   It shall be the duty of the board of election commissioners of each county in this state to prepare and furnish the necessary official primary election ballots, except for city offices, which may be required for use by the electors of any political party at the August primary.

84. Mich. Comp. Laws §168.567 of Michigan Election Law further provides:

   The boards of election commissioners shall correct such errors as may be found in said ballots, and a copy of such corrected ballots shall be sent to the secretary of state by the county clerk.

85. Under Mich. Comp. Laws 168.558(4), Defendants County Election Commission and County Clerk had a clear legal duty "not certify to the board

of election commissioners the name of a candidate who [had] fail[ed] to comply" with the requirement, under § 558(4). See *Berry v Garrett*, 890 NW2d 882, 886 (Mich.Ct.App. 2016).

86. Mich. Comp. Laws §168.567 requires that, "because the Wayne County defendants failed to perform their clear legal duty under § 558(4), they now have a clear legal duty to "correct" such errors as may be found in the resulting, improper ballots." See *Berry v Garett*, 890 NW2d 882, 887 (Mich.Ct.App. 2016).

87. The Defendants County Election Commission and County Clerk now have a clear legal duty to correct the error on the August 4, 2020 primary election ballots by having Defendant Jones' name removed and/or have votes cast for Defendant Jones not counted because Defendant Jones' name should not have been certified to appear on the August 4, 2020 primary election ballot as a candidate for U.S. Congress for the 13th Congressional District.

88. Plaintiffs' instant action is not barred by the equitable doctrine of laches because under Michigan jurisprudence, "e]quity does not apply when a statute controls." *Gleason v Kincaid*, 323 Mich App 308, 318; 917 NW2d 685, (2018). "In other words, when an adequate remedy is provided by statute, equitable relief is precluded." *Id*.

89. Mich. Comp. Laws §168.558(4) provides an adequate remedy when a candidate submits an affidavit of identity containing a false statement—their name cannot be certified by Defendants County Clerk and County Election Commission to be placed on the ballot as a candidate.

90. Defendant Jones submitted an affidavit of identity containing a false statement in violation of Mich. Comp. Laws §168.558(4) of Michigan Election Law.  As a consequence, Defendants County Clerk and County Election Commission should not have certified Defendant Jones' name to appear on the August 4, 2020 primary election ballot as a candidate for U.S. Congress for the 13th Congressional District.

91. Under Mich. Comp. Laws §168.558(4), Defendants County Election Commission and County Clerk had a clear legal duty not to certify Defendant Jones' name to appear on the August 4, 2020 primary election ballot as a candidate for U.S. Congress for the 13th Congressional District.

92. Plaintiffs Davis and Jordan, as registered electors of the State of Michigan, have a clear legal right to the performance of Defendants County Election Commission and County Clerk's statutory duties under Mich. Comp. Laws §§ 168.558(4) and 168.567. See *Berry v Garrett*, 890 NW2d 882, 887-890 (Mich.Ct.App. 2016).

93. The action Plaintiffs Davis and Jordan seek to be compelled by mandamus—correction of the primary ballots with the removal of Defendant Jones' name— are ministerial in nature for the "[t]he duty to correct the ballots under § 567 is set forth 'with such precision and certainty as to leave nothing to the exercise of discretion or judgment.'" See *Berry v Garrett*, 890 NW2d 882, 887 (Mich.Ct.App. 2016) (quoting *Hillsdale Co. Senior Servs., Inc. v. Hillsdale Co.*, 494 Mich. 46, 58 n. 11, 832 N.W.2d 728, 735 (Mich.S.Ct.2013)); see also *Barrow v Detroit Election Commission*, 836 NW2d 498, 504 (Mich.Ct.App. 2013)("The inclusion or exclusion of a name on a ballot is ministerial in nature.)

94. Moreover, because the ballots for the August 4, 2020 primary election have been printed and have been issued to absentee voters, aside from the instant action, Plaintiffs Davis and Jordan do not have no other adequate remedy at law. See *Barrow v Detroit Election Commission*, 836 NW2d 498, 504 (Mich.Ct.App. 2013)("Aside from the instant action, plaintiff has no other adequate legal remedy, particularly given that the election is mere weeks away and the ballot printing deadline is imminent.")

95. As of the date of this filing, the ballot-printing process has commenced and the Defendants County Clerk and County Election Commission have delivered absentee ballots to the local village, township and city clerks for

them to issue to their respective registered voters who applied to vote by absentee ballot.

96. However, in spite of the fact the ballots for the August 4, 2020 primary election have been printed and have been issued to absentee voters, Michigan's Court of Appeals and Supreme Court have fashioned remedies ordering that any and all votes cast for an otherwise ineligible candidate whose name nonetheless appears on the ballot are **not to be counted by any election official**! See *Gleason v Kincaid*, 323 Mich.App. 308, 317-318; 917 NW2d 685 (2018); see also *Michigan v Wayne County Clerk*, 466 Mich 640, ___; 648 NW2d 202, 205 (2002).

97. Accordingly, in the alternative, Defendant Board of Canvassers, who is statutorily responsible for counting the votes cast for all offices voted for in the August 4, 2020 primary election, should be compelled not to count any votes cast for the Defendant Jones.

**WHEREFORE**, Plaintiffs Davis and Jordan request that this Court enters judgment against Defendants Wayne County Election Commission, Wayne County Clerk, and Wayne County Board of Canvassers as follows:

a. Issue a writ of mandamus compelling Defendants Election Commission and Wayne County Clerk to correct the August 4, 2020 primary election ballots under Mich. Comp. Laws §168.567 by having Defendant Jones' name removed as a candidate for the office of U.S. Congress for the 13th Congressional District and/or compelling Defendants County Election Commission and Wayne County Clerk to direct election officials,

including but not limited to Defendant Board of Canvassers, not to count any votes cast for Defendant Jones for the office of U.S. Congress for the 13th Congressional District;

b. Issue a writ of mandamus compelling Defendant Wayne County Board of Canvassers not to count any votes cast for Defendant Jones;

c. Award Plaintiffs' court costs and attorney's fees; and

d. an order awarding whatever other relief appears appropriate at the time of final judgment.

## COUNT IV
**State Law Claim-Declaratory Judgment Declaring Defendant Jones' Name Should Not Have Been Certified By Defendants County Clerk and County Election Commission Because Defendant Jones Submitted An Affidavit of Identity To Defendant County Clerk Containing A False Statement In Violation of Mich. Comp. Laws § 168.558(4).**

98. Plaintiffs repeat, reallege and incorporate, the foregoing allegations, as though fully set forth and stated herein.

99. This claim is brought by Plaintiffs Davis and Jordan against Defendants County Election Commission, County Clerk and Board of Canvassers seeking declaratory relief under Michigan Law.

100.    An actual controversy exists between the Plaintiffs and the named Defendants.

101.    Plaintiffs Davis and Jordan believe Defendant Jones' name should not have appeared on the August 4, 2020 primary election ballot as a candidate for the office of U.S. Congress for the 13th Congressional District because Defendant Jones submitted an affidavit of identity containing a false statement in violation of Mich. Comp. Laws §168.558(4).

102.     Defendants County Election Commission and County Clerk were aware of the deficiencies in Defendant Jones' affidavit of identity prior to the Defendant County Election Commission convening and meeting to approve the primary election ballots and certifying the candidates' names for the various offices on June 5, 2020.

103.     Plaintiffs Davis and Jordan believe that Defendant Jones is taking votes away from their preferred candidate of choice and the candidate they have independently chosen to support.

104.     Plaintiffs Davis and Jordan believe that they will suffer irreparable harm if Defendant Jones is allowed to continue to hold herself out as a legitimate candidate for the office of U.S. Congress for the 13th Congressional District.

105.     Plaintiffs Davis and Jordan will suffer irreparable harm with the continued loss of votes for their preferred candidate of choice.

106.     Plaintiff Davis has received numerous mailings and handouts at his home promoting and advocating the candidacy of Defendant Jones for U.S. Congress and unjustifiably smearing the character of Congresswoman Rashida Tlaib.

107.     Plaintiff Davis and Jordan believe that Defendant Jones should be enjoined from holding herself out as a legitimate candidate for the office of U.S. Congress for the 13th Congressional District.

108.     Pursuant to Michigan Court Rule 2.605, Plaintiffs Davis and Jordan seek the entry of a declaratory judgment declaring that pursuant to Mich. Comp. Laws §168.558(4), Defendants County Clerk and County Election Commission should not have certified Defendant Jones' name to appear on the August 4, 2020 primary election ballot as a candidate for the office of U.S. Congress for the 13th Congressional District.

109.     Pursuant to Michigan Court Rule 2.605, Plaintiffs Davis and Jordan seek the entry of a declaratory judgment declaring that Defendant Jones submitted an affidavit of identity containing a false statement in violation of Mich. Comp. Laws §168.558(4).

110.     Consequently, the Defendant Board of Canvassers should not count any votes cast for Defendant Jones since her name should not have been certified by the Defendants County Election Commission and County Clerk to appear on the August 4, 2020 primary election ballot as a candidate for the office U.S. Congress for the 13th Congressional District.

**WHEREFORE**, Plaintiffs Davis and Jordan request this Court enters judgment against Defendants Wayne County Election Commission, Wayne County Clerk, Wayne County Board of Canvassers and Jones as follows:

a. Issue a declaratory judgment pursuant to MCR 2.605 declaring Defendants County Clerk and County Election Commission should not have certified Defendant Jones' name to appear on the August 4, 2020 primary election ballot as a candidate for the office of U.S. Congress for the 13th

Congressional District because Defendant Jones' affidavit of identity contained a false statement in violation of Mich. Comp. Laws §168.558(4);

b. Issue a declaratory judgment pursuant to MCR 2.605 declaring Defendant Jones submitted an affidavit of identity to Defendant County Clerk containing a false statement in violation of Mich. Comp. Laws §168.558(4);

c. Issue a declaratory judgment declaring that no votes cast for Defendant Jones in the August 4, 2020 primary election should be counted by the Defendant Wayne County Board of Canvassers.

d. Issue injunctive relief under Michigan law enjoining Defendant Jones from advertising herself as a candidate for the office of U.S. Congress for the 13th Congressional District; and

e. an order awarding whatever other relief appears appropriate at the time of final judgment.

## COUNT V
### 42 U.S.C. §1983 Procedural Due Process Claim-Defendant City Clerk Has Violated Plaintiff Davis Procedural Due Process Rights By Not Having Available For Daily Public Inspection The Absentee Voter Applications and List As Required Under Mich. Comp. Laws §168.760.

111.     Plaintiffs repeat, reallege and incorporate, the foregoing allegations, as though fully set forth and stated herein.

112.     This claim is brought by Plaintiff Davis against Defendant City Clerk pursuant to 42 U.S.C. §1983 and the Declaratory Judgement Act, 28 U.S.C. § 2201, *et. seq.*

113.     Mich. Comp. Laws §168.760 of Michigan Election Law provides:

> *Upon receipt of such properly executed application, as above provided, the city*, township or village *clerk shall file the same in his office* and shall enter the name of the applicant and the address to

which the ballot or ballots are to be sent upon a list or record to be kept for such purpose, together with the date of receiving the application, the date of mailing or delivering the ballot or ballots to such voter, the date of receiving the ballot from such voter, and such other information as may seem necessary or advisable. ***Applications and lists shall be open to public inspection at all reasonable hours.*** (emphasis supplied).

114.    Since March 2020, due to the Covid-19 pandemic, Defendants City Clerk and Department of Elections' offices have been closed to the general public.

115.    In June 2020, Defendants City Clerk, Department of Elections, City Election Commission unlawfully mailed out to all registered voters in the City of Detroit absentee ballot voter applications for the upcoming August 4, 2020 primary and November 2020 general elections in violation of the permanent injunction issued by the Wayne County Circuit Court in the case *Taylor v Currie*, 05-524513-AW, and affirmed on appeal, 277 Mich. App. 85; 743 NW2d 571 (2007),  lv denied, 483 Mich. 907, 762 NW 2d 169, (2009) ("***Taylor v Currie***").

116.    Realizing Defendant City Clerk's suspicious and unlawful conduct, Plaintiff Davis began trying to gain access to publicly inspect the absentee ballot voter application and return list that is required to be open for public inspection at all times under Mich. Comp. Laws §168.760.

117.     Plaintiff Davis has called Defendant Clerk's and Department of Elections' offices trying to gain access to the absentee voter application list under Mich. Comp. Laws §168.760, but to date Plaintiff Davis has been unsuccessful.

118.     Plaintiff Davis tried accessing the Defendant City Clerk's and the City of Detroit's public website to see if the absentee voter application list was available there, but Plaintiff Davis did not see the absentee voter application list on the Defendant City Clerk's public website.

119.     Defendant City Clerk's actions of denying Plaintiff Davis access to the absentee voter application list required under Mich. Comp. Laws §168.760 violate Plaintiff Davis' procedural due process rights under the Fourteenth Amendment.

120.     Mich. Comp. Laws §168.760 requires and mandates Plaintiff Davis and other members of the public to have daily public access to the absentee voter application list.

121.     Plaintiff Davis is assisting a few candidates with their campaigns and having access to the absentee voter application list required under Mich. Comp. Laws §168.760 is critical to Plaintiff Davis' candidates' success in the impending elections.

122.     Plaintiff Davis desires to have access and public inspect the absentee voter application list daily as allowed under Mich. Comp. Laws 168.760.

123.     However, Plaintiff Davis is unable to exercise his statutory right granted under Mich. Comp. Laws §168.760 as a result of the Defendant City Clerk having her offices closed to the general public and not returning Plaintiff Davis' phone calls seeking assistance and access.

**WHEREFORE**, Plaintiff Davis requests that this Court enter judgment against Defendant City Clerk as follows:

a.  compensatory damages in whatever amount above $75,000.00 Plaintiff is found to be entitled;

b.  an award of exemplary and punitive damages;

c.  an award of interest, costs and reasonable attorney fees under 42 USC §1988;

d.  a declaration that the Defendant City Clerk violated Plaintiff Davis procedural due process rights under the Fourteenth Amendment by denying Plaintiff Davis daily access to the public inspect the absentee voter application list required under Mich. Comp. Laws §168.760; and

e.  an order awarding whatever other relief appears appropriate at the time of final judgment.

### COUNT VI
### State-Law Claim-Writ of Mandamus Compelling Defendant City Clerk To Allow Daily Public Access and Inspection Of Absentee Voter Application List As Required Under Mich. Comp. Laws §168.760.

124.     Plaintiffs repeat, reallege and incorporate, the foregoing allegations, as though fully set forth and stated herein.

125.     This claim is brought by Plaintiff Davis and Jordan against Defendant City Clerk seeking a writ of mandamus under Michigan Law.

126.     This Court shall exercise Supplemental Jurisdiction over this state-law claim.

127.     As resident and registered voter of the State of Michigan, Plaintiff Davis has standing to bring this mandamus action against Defendant City Clerk under Michigan law.

128.     Defendant City Clerk has a clear legal duty under Mich. Comp. Laws §168.760 to make available for daily inspections of the absentee voter application list to any person who requests to inspect said lists, including Plaintiff Davis.

129.     Defendant City Clerk has a ministerial duty to make said lists available for public inspection under Mich. Comp. Laws §168.760.

130.     Plaintiff Davis, as a resident and registered elector of the State of Michigan, has a clear legal right to the performance of the duty being requested of the Defendant City Clerk under Mich. Comp. Laws §168.760.

131.     Because there has been a "second-wave" of the Covid-19 virus, and the Defendant City Clerk's office has not been open to the public, and the August 4, 2020 primary election is fast approaching, Plaintiff Davis does not have any other adequate remedy at law.

**WHEREFORE**, Plaintiffs Davis and Jordan request that this Court enters judgment against Defendants Wayne County Election Commission, Wayne County Clerk, and Wayne County Board of Canvassers as follows:

a. Issue a writ of mandamus compelling Defendant City Clerk to allow daily inspections, in -person and/or via the internet through the City's website, of the absentee voter application lists required under Mich. Comp. Laws §168.760;

b. Award Plaintiff Davis court costs and attorney's fees; and

c. an order awarding whatever other relief appears appropriate at the time of final judgment.

## COUNT VII

**State-Law Claim-Defendants City Clerk, City Election Commission, and Department of Elections Should Be Found In Criminal Contempt of the Wayne County Circuit Court's March 23, 2006 Permanent Injunction Order Issued in *Taylor v Currie*.**

132.    Plaintiffs incorporate, repeat, and reallege the foregoing allegations as though they were fully set forth and stated herein.

133.    This claim for criminal contempt under Michigan law is being brought by Plaintiff Davis, as an individual, against Defendants City Clerk, City Election Commission, and Department of Elections.

134.     Mich. Comp. Laws §600.1701 of the Revised Judicature Act provides, in pertinent part:

The supreme court, circuit court, and all other courts of record, have power to punish by fine or imprisonment, or both, persons guilty of any neglect or violation of duty or misconduct in all of the following cases:

(g) Parties to actions, attorneys, counselors, and all other persons for disobeying any lawful order, decree, or process of the court.

135.    Mich. Comp. Laws §600.1715, as amended, which codified the common-law power to punish contempt, provides:

> (1) Except as otherwise provided by law, punishment for contempt may be a fine of not more than $7,500.00, or imprisonment which, except in those cases where the commitment is for the omission to perform an act or duty which is still within the power of the person to perform shall not exceed 93 days, or both, in the discretion of the court. The court may place an individual who is guilty of criminal contempt on probation in the manner provided for persons guilty of a misdemeanor as provided in chapter XI of the code of criminal procedure, 1927 PA 175, MCL 771.1 to 771.14a.
>  (2) If the contempt consists of the omission to perform some act or duty that is still within the power of the person to perform, the imprisonment shall be terminated when the person performs the act or duty or no longer has the power to perform the act or duty, which shall be specified in the order of commitment, and pays the fine, costs, and expenses of the proceedings, which shall be specified in the order of commitment.

136.    Plaintiff Davis seeks this Court to invoke its inherent contempt power pursuant to Mich. Comp. Laws § 600.1715 and find the Defendants City Clerk, Department of Elections and City Election Commission to be in criminal contempt of the Wayne County Circuit Court's March 23, 2006 permanent injunction issued in the case *Taylor v Currie*, 05-524513-AW, and affirmed on appeal, 277 Mich. App. 85; 743 NW2d 571 (2007),  lv denied, 483 Mich. 907, 762 NW 2d 169, (2009) ("***Taylor v Currie***").

137.     Under Michigan law, criminal contempt is intended to punish the contemnor for past conduct that affronts the dignity of the court. *Jaikins v. Jaikins*, 12 Mich.App. 115, 120; 162 NW2d 325 (1968).

138.     "Thus, when a court exercises its criminal contempt power it is not attempting to force the contemnor to comply with an order, but is simply punishing the contemnor for past misconduct that was an affront to the court's dignity." *Porter v Porter,* 285 Mich.App. 450, ___; 776 NW2d 377, 381 (2009), citing *In re Contempt of Auto Club Ins. Ass'n*, 243 Mich. App. 697, 713, 624 N.W.2d 443 (2000).

139.     Defendants City Clerk, City Election Commission and Department of Elections took actions that were deliberate and intentional in direct violation of the Wayne County Circuit Court's March 23, 2006 permanent injunction order enjoining the Defendants City Clerk, City Election Commission, and Department of Elections from mailing ***unsolicited*** absentee voter ballot applications to **all** registered voters in the City of Detroit.

140.     It is undisputed that sometime in June 2020, Defendants City Clerk, City Election Commission and Department of Elections mass mailed ***unsolicited*** absentee voter ballot applications to **all** registered voters in the City of Detroit.

141.    In June 2020, Leigh Reed-Pratt, a registered voter of the City of

Detroit, provided Plaintiff Davis with a copy of the letter and the ***unsolicited***

absentee voter ballot application she received from Defendants City Clerk,

City Election Commission and Department of Elections.

142.    Defendants City Clerk, City Election Commission and Department of

Elections were aware of the Wayne County Circuit Court's March 23, 2006

Permanent Injunction Order and the Michigan Court of Appeals' published

decision in *Taylor v Currie*, which affirmed and upheld the Wayne County

Circuit Court's March 23, 2006 permanent injunction. *Taylor v Currie*, 277

Mich. App. 85; 743 NW2d 571 (2007); *lv denied*, 483 Mich. 907, 762 NW

2d 169, (2009).

143.    Moreover, Defendants City Clerk, City Election Commission and

Department of Elections were parties to the *Taylor v Currie*, *supra*, case and

are bound by the Wayne County Circuit Court's March 23, 2006 permanent

injunction and the Michigan Court of Appeals' holding in *Taylor v Currie,*

*supra*.

144.    After defeating the former city clerk Jackie Currie in the November

2005 city general election, Defendant City Clerk Janice Winfrey assumed

the duties of the office of Detroit City Clerk **on January 1, 2006,** and has

continuously served in that elected capacity ever since.

145.    Pursuant to MCR 2.202(C), as the successor to the office of Detroit

City Clerk, upon assuming the duties of the office of Detroit City Clerk on

January 1, 2006, Defendant City Clerk Janice Winfrey was substituted in as

the defendant in the *Taylor v Currie* case.

146.    It is well-settled that "parties to litigation must follow rulings and

orders of a trial court acting within its jurisdiction unless and until those

rulings and orders are stayed or reversed." *Davis v Detroit Financial Review

Team*, 296 Mich. App. 568, 623; 821 NW2d 896 (2012).

147.    Defendants City Clerk, City Election Commission and Department of

Elections must be fined and/or imprisoned under Michigan law by this Court

upon invoking its inherent contempt powers and finding the Defendants City

Clerk, City Election Commission and Department of Elections in criminal

contempt of the Wayne County Circuit Court's March 23, 2006 permanent

injunction issued in the case of *Taylor v Currie*.

148.    Plaintiff Davis has been injured as a result of Defendants' City Clerk,

City Election Commission and Department of Elections' contemptuous

conduct.

149.    Plaintiff Davis had to incur significant legal expenses to bring forth

this action to ensure that the Michigan Election Laws were being properly

followed and complied with by the Defendants City Clerk, City Election

Commission and Department of Elections and to ensure the Wayne County

Circuit Court's March 23, 2006 permanent injunction issued in the case of

*Taylor v Currie* was being properly adhered to by the Defendants.

**WHEREFORE**, Plaintiff Davis requests this Court to enter judgment

against Defendants City Clerk, Department of Elections and City Election

Commission as follows:

a. Enter an Order finding under Michigan law the Defendants City Clerk, City Election Commission and Department of Elections in criminal contempt of the Wayne County Circuit Court's March 23, 2006 permanent injunction order entered in the case of *Taylor v Currie*;
b. Enter an Order fining and/or imprisoning the Defendants City Clerk, City Election Commission, Department of Elections upon the Court invoking its inherent contempt powers and finding the Defendants City Clerk, City Election Commission, Department of Elections in criminal contempt under Michigan law of the Wayne County Circuit Court's March 23, 2006 permanent injunction order entered in the case of *Taylor v Currie*;
c. Enter an order awarding Plaintiff Davis court costs and attorney fees; and
d. Enter an order awarding whatever other relief appears appropriate to the Court at the time of final judgment.


Dated: July 6, 2020                           Respectfully submitted,

                                              */s/ ANDREW A. PATERSON*
                                              ANDREW A. PATERSON (P18690)
                                              Attorney for Plaintiffs
                                              2893 E. Eisenhower Pkwy
                                              Ann Arbor, MI 48108
                                              (248) 568-9712
                                              aap43@outlook.com