UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Robert Davis, *et. al.*,

    Plaintiff,

v.                                      Case No. 20-11819

Wayne County Election Commission,      Sean F. Cox
*et. al.*,                                      United States District Court Judge

    Defendant.

_____/

**ORDER DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION OVER ANY STATE-LAW CLAIMS IN THIS ACTION; TERMINATING CERTAIN PARTIES; DENYING EMERGENCY MOTION TO EXPEDITE BRIEFING AS MOOT (ECF No. 4); AND DENYING EMERGENCY MOTION FOR SUMMARY JUDGMENT AS MOOT (ECF No. 5)**

Plaintiffs filed this action on July 6, 2020, bringing three federal claims and four state-law claims against Defendants: (1) Count I: "Fourteenth Amendment Equal Protection 'Class-of-One Claim-Defendant Election Commission Denied Plaintiffs Equal Protection Under the Law Due to Their Personal Animus Against Plaintiff Davis;" (2) Count II: "First Amendment Retaliation Claim-Defendant County Election Commission Retaliated Against Plaintiff Davis For Exercising His First Amendment Rights By Violating Mich. Comp. Laws §168.558(4) And Certifying Defendant Jones' Name To Appear On The August 4, 2020 Primary Election Ballot;" (3) Count III: "State Law Claim-Writ of Mandamus Compelling Defendants County Clerk and County Election Commission To Correct August 4, 2020 Primary Election Ballots By Removing Defendant Jones' Name As A Candidate For U.S. Congress for the 13th Congressional District

1

And/Or Not Counting Votes Cast For Defendant Jones Pursuant To Mich. Comp. Laws §§ 168.567 and 168.558(4);" (4) Count IV: "State Law Claim-Declaratory Judgment Declaring Defendant Jones' Name Should Not Have Been Certified By Defendants County Clerk and County Election Commission Because Defendant Jones Submitted An Affidavit of Identity To Defendant County Clerk Containing A False Statement In Violation of Mich. Comp. Laws § 168.558(4);" (5) Count V: "42 U.S.C. §1983 Procedural Due Process Claim-Defendant City Clerk Has Violated Plaintiff Davis Procedural Due Process Rights By Not Having Available For Daily Public Inspection The Absentee Voter Applications and List As Required Under Mich. Comp. Laws §168.760;" (6) Count VI: "State-Law Claim-Writ of Mandamus Compelling Defendant City Clerk To Allow Daily Public Access and Inspection Of Absentee Voter Application List As Required Under Mich. Comp. Laws §168.760;" (7) Count VII: "State-Law Claim-Defendants City Clerk, City Election Commission, and Department of Elections Should Be Found In Criminal Contempt of the Wayne County Circuit Court's March 23, 2006 Permanent Injunction Order Issued in *Taylor v Currie*."

Not all Plaintiffs sued all Defendants in every claim. Below is a chart that details which Plaintiffs sued which Defendants in each claim:

| Count | Cause of Action | Plaintiffs | Defendants | Citation |
| --- | --- | --- | --- | --- |
| Count I | 42 U.S.C. § 1983 (Equal Protection) | Davis | Wayne County Election Commission | Compl. ¶ 29, 51 |
| Count II | 42 U.S.C. § 1983 (First Amendment Retaliation) | Davis | Wayne County Election Commission | Compl. ¶ 53 |
| Count III | State Law, Mandamus (MCL § 168.567 and MCL § 168.558(4)) | Davis; Jordan | Wayne County Election Commission; Wayne County Clerk Cathy M. Garrett | Compl. ¶ 73 |
| Count IV | State Law, Declaratory Judgment | Davis; Jordan | Wayne County Election Commission; Wayne County Clerk Cathy M. Garrett; Wayne County Board of Canvassers | Compl. ¶ 99 |
| Count V | 42 U.S.C. § 1983 (Procedural Due Process) | Davis | City of Detroit Clerk Janice Winfrey | Compl. ¶ 112 |
| Count VI | State Law, Mandamus (MCL § 168.760) | Davis; Jordan | City of Detroit Clerk Janice Winfrey | Compl. ¶ 125 |
| Count VII | State Law, Criminal Contempt (*Taylor v. Currie*) | Davis | City of Detroit Clerk Janice Winfrey; City of Detroit Election Commission; City of Detroit Department of Elections | Compl. ¶ 133 |

The Court's jurisdiction over this case stems from Plaintiffs' federal claims.[1] The Court could have jurisdiction over Plaintiffs' state-law claims only through supplemental jurisdiction, but supplemental jurisdiction is a "'doctrine of discretion, not of plaintiff's right.'" *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 173 (1997) (quoting *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966)). "[D]istrict courts can decline to exercise supplemental jurisdiction over pendant claims for a number of valid reasons." *City of Chicago, supra.*

District courts should deal with cases involving supplemental jurisdiction in a manner that serves the principles of economy, convenience, fairness, and comity. *Id.* The supplemental jurisdiction statute, 28 U.S.C. § 1367, codifies these principles and provides that district courts may decline to exercise supplemental jurisdiction over a claim when: (1) the claim raises a novel or complex issue of state law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c). A district court's decision as to whether to exercise supplemental jurisdiction over a plaintiff's state-law claims is reviewed for abuse of discretion. *Soliday v. Miami Cnty.*, Ohio, 55 F.3d 1158, 1164 (6th Cir. 1995).

The Court concludes that Plaintiffs' state-law claims would substantially expand the scope of this case beyond that necessary and relevant to the federal claims. Thus, the state-law claims

---

[1] To the extent that Plaintiffs suggest that the Declaratory Judgment Act, 28 U.S.C. §2201, gives this Court federal-question jurisdiction over any of their state-law claims, that argument is a non-starter. That Act "does not create and independent cause of action" and a federal court "must have jurisdiction under some other federal statute before a plaintiff can invoke the Act." *Davis v. United States*, 499 F.3d 590, 594 (6th Cir. 2007).

would substantially predominate over the federal claims. The state-law claims also raise novel and complex issues of state law.

Accordingly, the Court **DECLINES TO EXERCISE SUPPLEMENTAL JURISDICTION** over any state-law claims in this action. As such, the Court **DISMISSES WITHOUT PREJUDICE Counts III, IV, VI, and VII.**

After dismissal of Plaintiffs' state-law claims, only Counts I, II, and V remain:

| Count | Cause of Action | Plaintiffs | Defendants | Citation |
| --- | --- | --- | --- | --- |
| Count I | 42 U.S.C. § 1983 (Equal Protection) | Davis | Wayne County Election Commission | Compl. ¶ 29, 51 |
| Count II | 42 U.S.C. § 1983 (First Amendment Retaliation) | Davis | Wayne County Election Commission | Compl. ¶ 53 |
| Count V | 42 U.S.C. § 1983 (Procedural Due Process) | Davis | City of Detroit Clerk Janice Winfrey | Compl. ¶ 112 |

As the above chart demonstrates, the dismissal of the state law claims trims the number of parties in this action. Accordingly, the Court **TERMINATES** Plaintiff Venias Jordan, Jr., and Defendants Wayne County Board of Canvassers; Wayne County Clerk Cathy M. Garrett; the Detroit Department of Elections; and the Detroit Elections Commission from the docket. Moreover, despite being named as a Defendant in the case caption, Brenda Jones never had a substantive cause of action levied against her in this case. Accordingly, the Court also **TERMINATES** Brenda Jones from the docket.

The Court also notes that Plaintiffs have filed a motion "Expedite Briefing, Scheduling and Adjudication of Plaintiff's soon-to-be filed motion for Summary Judgment with Respect to Counts

5

III and IV Only." (ECF No. 4). Plaintiffs have also filed an "Emergency Motion for Summary Judgment for Counts III and IV Only Pursuant to Fed. R. Civ. P. 56." (ECF No. 5). Because Counts III and IV have been dismissed without prejudice, the Court **DENIES** these motions as **MOOT**.

    **IT IS SO ORDERED.**

                                            s/Sean F. Cox
                                            Sean F. Cox
                                            United States District Judge

Dated: July 8, 2020