UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Robert Davis,

       Plaintiff,

v.                                                        Case No. 20-11819

Wayne County Election Commission,             Sean F. Cox
*et al.*,                                                     United States District Court Judge

       Defendants.
_____/

## **OPINION & ORDER**

     In this civil action, brought under 42 U.S.C. § 1983, Plaintiff Robert Davis asserts claims

against two Defendants: 1) the Wayne County Election Commission ("the Commission"); and 2)

Janice Winfrey, the City Clerk for the City of Detroit ("Winfrey").  The case is currently before

the Court on the following three motions: 1) Plaintiff's Emergency Motion to Expedite; 2) a

Motion to Dismiss filed by the Defendant Commission; and 3) Plaintiff's motion seeking leave

to file an amended complaint.  The parties have briefed the issues and the Court held a hearing

on  December 10, 2020.

     For the reasons set forth below, the Court shall: 1) Deny Plaintiff's Emergency Motion to

Expedite Briefing; 2) Grant the Defendant Commission's Motion to Dismiss and dismiss the two

counts asserted against it, because Plaintiff has failed to a state claim against the Commission in

either the existing Complaint or Plaintiff's proposed Amended Complaint; and 3) Deny

Plaintiff's Motion to Amend because the new claim he seeks to assert against Defendant

Winfrey, in place of the prior claim asserted against her, is futile.

## BACKGROUND

Acting through counsel, attorney Andrew Paterson, Jr., on July 6, 2020, Plaintiffs Robert Davis ("Davis")[1] and Venias Jordan, Jr. ("Jordan") filed this action, based upon federal-question jurisdiction over their federal claims. They asked this Court to exercise supplemental jurisdiction over their state-law claims.

The Complaint filed by Davis and Jordan named the following Defendants: 1) the Wayne County Election Commission; 2) the Wayne County Board of Canvassers; 3) Cathy M. Garret, in her official capacity as Wayne County Clerk; 4) Brenda Jones; 5) Janice Winfrey, in her official and individual capacities as the duly elected City Clerk for the City of Detroit; 6) the Detroit Department of Elections; and 7) the Detroit Election Commission.

The original Complaint included the following seven counts: 1) "Fourteenth Amendment Equal Protection 'Class-of-One' Claim-Defendant Election Commission Denied Plaintiff Equal Protection Under The Law Due To Their Personal Animus Against Plaintiff Davis" (Count I); 2) "First Amendment Retaliation Claim-Defendant County Election Commission Retaliated Against Plaintiff Davis For Exercising His First Amendment Rights By Violating Mich. Comp. Laws § 168.558(4) And Certifying Defendants Jones' Name To Appear On The August 4, 2020 Primary Election Ballot" (Count II); 3) a "State Law Claim-Writ Of Mandamus" compelling Defendants to take certain actions concerning state election ballots (Count III); 4) a "State-Law Claim-Declaratory Judgment" claim concerning state election ballots (Count IV); 5) "42 U.S.C.

---

[1]While not relevant to the motion before this Court in this case, the Sixth Circuit has noted that "Plaintiff Robert Davis and his attorney, Andrew Paterson, have a prolific history litigating cases in Michigan state courts and federal courts. Their filings could be defined, in many instances, as repetitive, vexatious, and frivolous." *Davis v. Johnson,* 664 F. App'x 446, 450 (6th Cir. 2016).

§ 1983 Procedural Due Process Claim-Defendant City Clerk Has Violated Plaintiff Davis Procedural Due Process Rights By Not Having Available For Daily Public Inspection The Absentee Voter Applications and List As Required Under Mich. Comp. Laws §168.760" (Count V); 6) a "State-Law Claim-Writ of Mandamus" concerning access and inspection of a voter application list (Count VI); and 8) another "State-Law Claim" concerning election matters (Count VII).  Plaintiff's original complaint did not include a jury demand.

The Complaint alleges that the Defendant Wayne County Election Commission ("the Commission") is a "three-member board, comprised of the Chief Judge of the Wayne County Probate Court, the Wayne County Clerk and the Wayne County Treasurer, and is charged with the statutory duty to prepare and furnish the official ballots for any primary and general election held in Wayne County."  (Compl. at ¶ 8).  Defendant Janice Winfrey "(Winfrey") is the "duly elected City Clerk for the City of Detroit."  (*Id*. at ¶ 9).

In an Order issued on July 8, 2020, this Court declined to exercise supplemental jurisdiction over any of the state-law claims and dismissed those claims without prejudice.  (ECF No. 18).  As set forth in that order, the only counts that remain are: 1) Count I, assert by Davis against the Commission; 2) Count II, asserted by Davis against the Commission; and 3) Count V, asserted by Davis against Winfrey.

On July 27, 2020, the Commission filed a Motion to Dismiss.  (ECF No. 22).

On August 13, 2020, Plaintiff Davis filed: 1) a motion seeking leave to file a first amended complaint (ECF No. 23); and 2) an "emergency" motion to expedite the briefing on that motion.  (ECF No. 24).

Plaintiff filed a brief in opposition to the Motion to Dismiss by the Commission (ECF

3

No. 28) and the Commission filed its Reply Brief. (ECF No. 31).

Winfrey filed a brief in response to Plaintiff's Motion to Amend (ECF No. 32). Plaintiff did not file a reply brief in support of his motion to amend and the time permitted for doing so has passed. The Commission did not file a brief in response to the Motion to Amend.

## ANALYSIS

### I.    The Court Denies Davis's "Emergency" Motion To Expedite Briefing.

On July 27, 2020, the Commission filed a Motion to Dismiss Davis's Complaint. On August 13, 2020, Davis filed a motion seeking leave to file an amended complaint. On that same date, Davis filed a separate motion titled, "Plaintiff's Emergency Motion To Expedite Briefing, Scheduling, And Adjudication Of Plaintiff's Motion For Leave To File Amended Complaint." (ECF No. 24). Those two motions were filed by Plaintiff's counsel on 3:57 p.m and 4:35 p.m. on August 13, 2020.

Davis's August 13, 2020 Emergency Motion to Expedite asked this Court to order expedited briefing by Defendants, and expedited scheduling and adjudication by the Court, of Davis's August 13th Motion to Amend, so that Plaintiff have a ruling prior to the date on which his response to the Commission's Motion to Dismiss would be due – which was August 17th. This is nonsense. In essence, Davis's counsel asked the Court to order near immediate response briefs from Defendants,[2] and issue a near immediate ruling on his Motion to Amend, so that Davis would have a decision on his motion before his brief in response to the Commission's Motion to Dismiss was due. That is not an emergency.

---

[2]Davis asked the Court to order Defendants to file responses by 5:00 p.m. on August 14, 2020 (within twenty-four hours of his Motion to Amend).

The Court denies this motion and cautions Davis's counsel that the Court may impose sanctions if he continues to file frivolous "emergency" motions that are simply based on his desire for immediate rulings by the Court, rather than any circumstance constituting an actual emergency.

## II.    The Court Denies Davis's Motion To Amend Based On Futility.

Rule 15 of the Federal Rules of Civil Procedure governs the filing of amended complaints and provides that, at this stage of the litigation, Davis may amend his complaint only with the opposing party's written consent or this Court's leave.  FED. R. CIV. P. 15(a).  Davis does not have the consent of Defendants to amend his complaint, so he must obtain leave of this Court in order to file his proposed Amended Complaint.

The decision as to whether justice requires the amendment is committed to the district court's sound discretion.  *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 330 (1971).  Abuse of that discretion occurs when a district court fails to state the basis for its denial or fails to consider the competing interests of the parties and likelihood of prejudice to the opponent.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Reasons that warrant denying a motion for leave to amend include "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment."  *Id.* at 182.

Davis's motion to amend seeks leave to file an amended complaint that would: 1) add two new state-law claims against Defendant Winfrey; 2) add a new procedural due process claim against Winfrey; 3) request a jury trial; and 4) add some additional facts as to his two existing

5

federal claims against the Commission.

Defendant Winfrey filed a brief in opposition to the Motion to Amend.  The Commission filed a brief in response to Plaintiff's motion to expedite briefing, but it did not file a brief in response to the Motion to Amend.  Plaintiff did not file a reply brief in support of his Motion to Amend and the time permitted for doing so has passed.

### A.    The Request To Add New State-Law Claims.

To the extent that Plaintiff seeks leave to add two new state-law claims, that request is denied.  This Court has already declined to exercise supplemental jurisdiction over any state-law claims in this action.  It declines to exercise such jurisdiction over these new state-law claims for the same reasons.

### B.    The Unopposed Request To Add A Jury Demand.

Plaintiff's original complaint did not include a jury demand.  Plaintiff's Motion to Amend states that Plaintiff wishes to add a jury demand.  It does not appear that Defendants addressed Plaintiff's request to add a jury demand.  As such, this request is unopposed.

Moreover, this Court has the discretion to grant Davis leave to file a late jury demand, as to any claims that may properly be tried by a jury, as explained in *Moody*:

> Where a party has a right to trial by jury, he must demand one within ten days of the last pleading; otherwise a jury trial is deemed waived.  Fed.R.Civ.P. 38(d).  If a timely demand is made, and a right of trial by jury exists, the court must grant a jury trial unless the parties, by written stipulation or oral stipulation in open court, later consent to a bench trial.  Fed.R.Civ.P. 39(a). Under Rule 39(b), "notwithstanding the failure of a party to demand a jury in an action in which demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any and all issues." "A district court has broad discretion in ruling on a Rule 39(b) motion." *Kitchen v. Chippewa Valley Schools*, 825 F.2d 1004, 1013 (6th Cir.1987). Moreover, the court's discretion should be exercised in favor of granting a jury trial where there are no compelling reasons to the contrary. *Id*.

*Moody v. Pepsi-Cola Metro. Bottling Co., Inc.*, 915 F.2d 201, 207 (6th Cir. 1990).  Thus, if any

of Davis's claims survive the pending motions, he shall be allowed to file a late jury demand.

> **C.     The Unopposed Request To Include Additional Facts As To Federal Claims Against Commission.**

Plaintiff's Motion to Amend states that Plaintiff wishes to "add additional facts with

respect to the two federal claims plead [sic] against Defendant Wayne County Election

Commission."  (Pl.'s Br. at 12-13).

The new allegations he seeks to add are those appearing in paragraphs in the following

two paragraphs of Davis's proposed Amended Complaint:

> 57.     Plaintiff Davis voted for Rashida Tlaib in the August 4, 2020 primary election.
> . . . .
> 64.     Some of the members of the Defendant County Election Commission either voted for Brenda Jones in the August 4, 2020 primary election or donated to Brenda Jones' campaign or both.

(Pl.'s proposed Am. Compl. at ¶¶ 57 & 64).

Again, the Commission did not file a response to Plaintiff's Motion to Amend. As such,

when the Court considers the Commission's Motion to Dismiss, the Court will consider whether

these additional factual allegations would change the outcome as to whether those claims against

the Commission should be dismissed.

> **D.     New Federal Procedural Due Process Claim Against Winfrey**

Count V of Plaintiff's original complaint is titled, "42 U.S.C. § 1983 Procedural Due

Process Claim-Defendant City Clerk Has Violated Plaintiff Davis Procedural Due Process Rights

By Not Having Available For Daily Public Inspection The Absentee Voter Applications and List

As Required Under Mich. Comp. Laws §168.760" (Count V).  But Plaintiff no longer wishes to

proceed with that claim, as counsel confirmed at the December 10, 2020 hearing.  Rather,
Plaintiff seeks to replace that claim with Count III of his proposed Amended Complaint, which is
titled, "Plaintiff Davis' Procedural Due Process Rights Were Violated By Defendant Winfrey
When Plaintiff Davis Was Denied Right To Witness and Observe Tallying Of Votes In Voting
Precincts After Polls Closed."  (Page 22 of Pl.'s Proposed Am. Compl.).

Defendant Winfrey asserts that Plaintiff's request to add this new due process claim
against her should be denied for several reasons.

First, Winfrey contends that leave to amend to add this claim against her should be
denied because the proposed Amended Complaint would improperly join her with the Defendant
Commission in violation of Fed. R. Civ. P. 20.  (Def. Winfrey's Br. at 6).

Fed. R. Civ. P. 20(a)(2) provides that persons "may be joined in one action as defendants
if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with
respect to or arising out of the same transaction, occurrence, or series of transactions or
occurrences; and (B) any question of law or fact common to all defendants will arise in the
action."

Winfrey notes that the claim that Davis seeks to add against in her in Davis's proposed
Amended Complaint would be a wholly new cause of action that has "nothing whatsoever to do
with the claims made against" the Commission.  (Def.'s Br. at 5).  Winfrey argues that joinder of
the new proposed claim against the City Clerk with the two claims asserted against the
Commission would be improper under Rule 20 and, therefore, leave to amend should be denied.

Winfrey also opposes Davis's Motion to Amend on futility grounds, and makes several
arguments as to why Davis's proposed new claim against her (Count III of Davis's proposed

Amended Complaint) is futile.

Count III of Davis's proposed Amended Complaint is titled, "Plaintiff's Procedural Due Process Rights Were Violated By Defendant Winfrey When Plaintiff Davis Was Denied Right To Witness and Observe Tallying Of Votes In Voting Precincts After Polls Closed." (Pl.'s proposed Am. Compl. at 22). If allowed to amend, Davis would assert this count against Defendant Winfrey in both her individual capacity and in her official capacity as the City Clerk for the City of Detroit.

Winfrey's motion asserts that this count fails to state a claim against her in her individual capacity as the proposed pleading "makes no allegations that the City Clerk did anything to deny Davis access at the two locations." (Def.'s Br. at 9). Winfrey further argues that the proposed pleading also fails to state a claim against her in official capacity, which is a claim against the City of Detroit, asserting:

> There are no allegations that the City has an unconstitutional policy, custom, or practice. To state a claim under 42 U.S.C. § 1983 against a municipality, Plaintiff must plead a custom, policy, practice and/or procedure which caused a violation of plaintiff's constitutional rights. *Monell v. New York City Department of Social Services*, 436 U.S. 658, 690-91. Liability must be predicated on more than allegations that a municipal employee is a tortfeasor. *Id*. at 691. A municipality cannot be found liable under § 1983 on a respondeat superior theory. *Id*.

(Def.'s Br. at 9).

`Winfrey also argues that, in additional to the above reasons for denying leave to amend, the "Sixth Circuit has held time and again that Due Process is only implicated where the right to vote is at stake." (Def.'s Br. at 9) (*Warf v. Bd. of Elections of Green Cty., Ky.*, 619 F.3d 553, 559 (6th Cir. 2010)). Winfrey asserts that the "alleged due process claim that Davis seeks to bring does not implicate his or anyone else's right to vote. There is no state created property interest

in an election law provision that allows vote tallying to be observed.  And even if there were, it

does not implicate rights under Section 1983 that allow or require federal intervention."  (Def.'s

Br. at 10).

Notably, Davis did not file a reply brief in support of his Motion to Amend.  Thus,

*despite having had the opportunity to do so, Davis did not respond to any of Defendant*

*Winfrey's arguments* as to why leave to amend should be denied as futile.

In addition to the arguments raised by Winfrey, the Court would also deny leave to

amend to assert this federal procedural due process claim for the same reason it dismissed

without prejudice the federal due process claim asserted in *Boulevard & Trumbull Towing, Inc.*

*v. City of Detroit*, 2018 WL 339717 (E.D. Mich. 2018).  In that case, this Court explained:

> While exhaustion of state remedies is "not a prerequisite to the bringing of
> a § 1983 claim in federal court," the "necessity of proving the inadequacy of state
> remedies in some § 1983 claims is a species of the ripeness doctrine." *Macene v.*
> *MJW, Inc.*, 951 F.2d 700, 703 (6th Cir. 1991); *see also Hardick v. City of Detroit*,
> 876 F.3d 238, 247 (6th Cir. 2017) ("the City has not yet denied the plaintiffs due
> process. Any constitutional violation 'is not complete unless and until the State
> fails to provide due process.' ").
>
> "'Ripeness is more than a mere procedural question; it is determinative of
> jurisdiction. If a claim is unripe, federal courts lack subject matter jurisdiction and
> the complaint must be dismissed. This deficiency may be raised sua sponte if not
> raised by the parties.' " *Bigelow v. Michigan Dept. of Nat. Resources,* 970 F.2d
> 154, 157 (6th Cir. 1992) (quoting *Southern Pac. Transp. Co. v. City of Los*
> *Angeles*, 922 F.2d 498, 502 (9th Cir. 1990)).
>
> In the Sixth Circuit, a § 1983 plaintiff like B&T "may prevail on a
> procedural due process claim by either (1) demonstrating that he is deprived of
> property as a result of established state procedures that itself violates due process
> rights; or (2) by proving that the defendants deprived him of property pursuant to
> a 'random and unauthorized act' and that available state remedies would not
> adequately compensate for the loss." *Macene,* 951 F.2d at 706 (emphasis in
> original); *see also Mitchell v. Fankhauser*, 375 F.3d 477, 481-84 (6th Cir. 2004)
> (stating that a plaintiff must plead and prove the inadequacy of state remedies
> when an alleged due process violation involves a random or unauthorized act).
>
> As to those cases falling under the second category, such claims are not "
> 'ripe' for consideration by a federal court because the state action at issue is not

> complete. If the state procedures adequately cure any alleged deprivation of
> property then due process has not been violated. The inadequacy of state remedies
> generally cannot be proven unless those remedies are exhausted." *Macene,* 951
> F.2d at 706.

*Id.* at * 4.

Whether a plaintiff must plead and prove the inadequacy of state remedies depends on

the procedural due process claim alleged. *Id.* In *Boulevard and Trumbull Towing, Inc.*, this

Court concluded that the procedural due process claim asserted was one in the second category

and required the plaintiff to plead and prove that there are no adequate state remedies:

> B&T's Complaint itself simply does not allege that it was deprived of property as
> a result of any established state procedure that itself violates due process. That is,
> B&T's Complaint does not allege that any of the City's ordinances, rules, or
> Charter provisions resulted in a denial of its due process rights. B&T's claim is
> that the City officials are simply ignoring the established rules and procedures
> (which are adequate) and acting in an arbitrary or random manner.

*Id.* at *6. Thus, this Court concluded that the procedural due process claim asserted in that case

was of the second category and that it was therefore required to plead and prove that there are no

adequate state law remedies available. The plaintiff failed to do so and, moreover, the Court

noted that the plaintiff had a state law remedy available to it and was pursuing it – a freestanding

mandamus claim under Michigan law. *Id.* at *7. Accordingly, this Court dismissed the

plaintiff's federal due process claim without prejudice.

Here, Davis does not allege that he was deprived of being able to view the tallying of

votes as a result of any established state or local procedures that itself violated due process. To

the contrary, Davis claims that officials are simply not following the existing ordinances and

acting in an arbitrary or random matter. And like the situation in *Boulevard & Trumbull Towing,

Inc.*, Davis is no doubt aware that he can pursue a state-law mandamus claim – as he is attempted

to add such a claim in this case.  (*See* Count IV of proposed Am. Compl.)

Thus, even if Davis could base a due process claim on his inability to view the tallying of votes, that claim would also be futile for failure to plead lack of available state remedies.

For all of these reasons, the Court concludes that the federal claim Plaintiff seeks to assert against Defendant Winfrey would be futile.

## III.    The Court Grants The Commission's Motion To Dismiss And Dismisses The Two Counts Against It.

In its Motion to Dismiss, the Commission seeks dismissal of both of the remaining counts asserted against it in Davis's Complaint.  The Commission challenges the claims asserted by Davis against it on numerous grounds, including standing and failure to state a claim, and also makes arguments regarding sovereign immunity and quasi-judicial immunity.  The Court need not consider all of these arguments.

### A.    Plaintiff's "Class-Of-One" Claim (Count I)

First, the Commission asserts that Davis has failed to state a class-of-one equal protection claim in Count I of his Complaint.  That same count is included in Davis's proposed Amended Complaint.

"The Equal Protection Clause prohibits discrimination by government which either burdens a fundamental right, targets a suspect class, or intentionally treats one differently than others similarly situated without any rational basis for the difference.*"  TriHealth, Inc. v. Board of Comm'rs, Hamilton Cnty., Ohio*, 430 F.3d 783, 788 (6th Cir. 2005).

Here, Davis relies on that third argument and asserts an equal protection claim against the Commission, based on a "class-of-one" theory.  *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam).  Davis is no stranger to these claims, as he has unsuccessfully

12

asserted such claims before.  *See Davis v. Detroit Public Sch. Commty. Dist.*, __ F. App'x __, 2020 WL 6540411 at *3 (6th Cir. Nov. 6, 2020) (finding "Davis has not stated a cognizable Equal Protection claim" under class-of-one theory, "because he has identified no similarly situated individuals.").

  To assert a cognizable class-of-one equal protection claim, a plaintiff "must plead and prove that they were 'intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.'" *Rapp v. Dutcher*, 557 F. App'x 444, 449 (6th Cir. 2014) (quoting *Willowbrook, supra*).  Davis has not sufficiently alleged either one, in either his original Complaint or his proposed Amended Complaint that includes the same claim.

  In *Rapp*, the plaintiffs brought a § 1983 action against a city, city officials, and a condominium association, alleging claims relating to citations they were issued for renting their condominium without a license.  Among other claims, they asserted a class-of-one equal protection claim, alleging that they were "singled out" because of prior lawsuits with the city. The Sixth Circuit affirmed the dismissal of that claim, concluding that claim failed a *Twombly-Iqbal* plausibility analysis.  The complaint in that case contained "no facts showing that the City treated plaintiffs differently from other individuals who violated the rental license ordinances." *Id*. at 450.

  Here, in support of his class-of-one equal protection claim against the Commission, Davis alleges that he contacted "Gil Flowers, the Campaign Finance Manager for the Office of the Wayne County Clerk" via email during the months of May and June of 2020, "seeking to confirm" certain information concerning Brenda Jones and her campaign committee for re-

election to the Detroit City Council. (Compl. at ¶¶ 27 & 30).[3] Davis does not he allege that he

provided any of those emails, or any other documentation, to the Commission. Nevertheless,

without including any factual allegations that could establish how the Commission would have

come into possession of his emails, Davis alleges that the Commission "purposefully ignored"

his "email communications and supporting documentation" and certified and approved a

candidate to appear on the August 4, 2020 primary ballot. Davis alleges that Commission did so

because of "personal animus" that "some members of the Defendant County Election

Commission have towards" him due to his "public criticism" of the Commission and some of its

members. Davis alleges the Commission has denied him equal protection under the law, under a

"class-of-one" theory. (Compl. at ¶ 47). Without any supporting factual allegations, Davis

asserts that the Defendant "Commission treated Plaintiff Davis differently than others that have

appeared and/or provided information to the Defendant Election Commission regarding

candidate certification." (Compl. at ¶ 51).

Even assuming that the Commission somehow came into possession of his emails,

Davis's Complaint contains no factual allegations showing that the Commission treated Davis

differently from any other persons who provided similar information to the Commission. As

such, Davis has not stated a cognizable class-of-one equal protection claim. *Rapp, supra*; *Davis,*

*supra*, at \*3("Davis has not stated a cognizable Equal Protection claim because he has identified

no similarly situated individuals."); *Smith v. Michigan Dep't of Health & Hum. Svs*., 2018 WL

5137779 at \*3 (E.D. Mich. 2018) (dismissing class-of-one claim where the complaint contained

---

[3]Davis's original Complaint indicates that those emails are attached to it as exhibits but
no exhibits were attached to his Complaint. The same is true of Davis's proposed Amended
Complaint.

no plausible allegations of disparate treatment).   The Court shall dismiss Count I of Davis's

Complaint and deny his request to file an Amended Complaint that includes that claim.

###    B.    Plaintiff's First Amendment Retaliation Claim (Count II)

The Commission also challenges Davis's First Amendment Retaliation Claim asserted in

Count II of his Complaint.  Because Davis has sought to add two factual allegations in support of

this claim, the Court will analyze this claim as it appears in his proposed Amended Complaint.

Davis alleges that he contacted "Gil Flowers, the Campaign Finance Manager for the

Office of the Wayne County Clerk" via email during the months of May and June of 2020,

"seeking to confirm" certain information concerning Brenda Jones and her campaign committee

for re-election to the Detroit City Council.  (Am. Compl. at ¶¶ 48, 49 & 51).[4]

Notably, Davis does not allege that contacted any members of the Commission or that he

provided any of his emails, or any of Gil Flowers's email responses to Davis, to the Commission

or its members.  Nevertheless, without including any factual allegations that could establish how

the Commission would have come into possession of those emails, or otherwise learn of the

information in them, Davis alleges that "[d]espite having this information," the members of the

Commission "convened and voted to certify and approve Brenda Jones' name to appear on the

August 4, 2020 primary election ballot."  (Am. Compl. at ¶ 53).  Davis alleges that the

Commission "purposely ignored" his "email communications and supporting documentation,

and nonetheless certified and approved" Jones to the be on primary ballot "as a candidate for

U.S. Congress for the 13th Congressional District."  (Am. Compl. 54).  Davis alleges that he "is

---

[4]Davis's Amended Complaint indicates that those emails are attached to it as exhibits but no exhibits were attached.

supporting" "incumbent Congresswoman Rashida Tlaib" and that Davis voted for Tlaib in the

August 4, 2020 primary election." (Am. Compl. at ¶¶ 56 & 57).

Despite not having alleged that he provided any of his emails to any of the three members

of the Commission, Davis alleges that "[f]rom Plaintiff Davis' email communications to Gil

Flowers," unspecified members of the Commission "could easily determine" that Davis was not

supporting Jones. (Am. Compl. at ¶ 58). Davis alleges that the Commission "retaliated against

Plaintiff Davis for exercising his First Amendment Right of political association for supporting

Congresswoman Rashida Tlaib's re-election campaign." (Am. Compl. at ¶ 60). Davis also

alleges that the Commission retaliated against him for filing unidentified "meritorious lawsuits

against" the Commission, on unidentified dates. (Am. Compl. at ¶ 62).

Without including any factual allegations indicating that Davis has "publicly criticized"

the Commission, Davis alleges that the Commission retaliated against him "for publicly

criticizing" the Commission "for purposely and deliberately violating Michigan Election Laws in

an effort to support their preferred candidates." (Am. Compl. at ¶ 63).

Without including any factual allegations as to how he learned such information, Davis

alleges that some unidentified members of the 3-member Commission "either voted for Brenda

Jones in the August 4, 2020 primary election or donated to Brenda Jones's campaign or both."

(Am. Compl. at ¶ 64).

Davis alleges that the Commission retaliated against him "by taking the adverse action of

certifying and approving" Jones's name to appear on the primary ballot, which in turn, may have

had the effect of "taking votes away from" Davis's "candidate of choice (Rashida Tlaib)." (Am.

Compl. at ¶ 66).

16

A plaintiff alleging a First Amendment retaliation claim under § 1983 must show: 1) he engaged in protected conduct, 2) the defendant had knowledge of the protected conduct, 3) the defendant took an adverse action that would deter a person of ordinary firmness from continuing to engage in that conduct, and 4) the adverse action was taken at least in part because of the exercise of the protected conduct. *Pucci v. Nineteenth Dist. Court*, 628 F.3d 752, 767 (6th Cir. 2010); *Weigel v. Baptist Hosp. of East Tennessee*, 302 F.3d 367,381 (6th Cir. 2002).

Davis's response brief asserts that Davis has alleged that he has engaged in three different forms of "conduct protected by the First Amendment:" 1) "supporting a candidate," 2) "making comments in the press," and 3) "filing a federal lawsuit against Archer and various municipal officials and entities." (Pl.'s Br. at 11).

This is strange because neither Davis's original Complaint, nor his proposed Amended Complaint, contain any factual allegations of these types of protected conduct by Davis. That is, both pleadings are devoid of any factual allegations concerning either Davis having made any comments in the press (such as the substance of the comments and when or where they were made) or any factual allegations concerning a federal lawsuit against former Detroit Mayor Dennis Archer and other municipal officials (such as the subject matter of the lawsuit or when it was filed).

As to Davis having engaged in the protected conduct of "supporting a candidate," Davis is presumably speaking of Rashida Tlaib as being his candidate of choice for congress. Davis alleges that he "is supporting and voting for incumbent Congresswoman Rashida Tlaib," and that Davis voted for her in the August 4, 2020 primary. (proposed Am. Compl. at ¶¶ 56-57). But there are no allegations as to Davis having publicly voiced his support of Tlaib's candidacy or

17

having communicated his support of her to the Commission (or its members) in any manner. Thus, both pleadings lack factual allegations of Davis having engaged in protected conduct by having supported a candidate.

What Davis does allege in the pleadings is that he communicated via email with Gil Flowers about issues concerning Brenda Jones and her candidacy.  Again, however, Davis does not allege that he provided any of those emails to the Commission or any of its members.  As such, those emails cannot support a viable First Amendment retaliation claim against the Commission. Even if the alleged private email exchanges between Davis and Flowers were considered protected conduct, the Commission would have to have knowledge of that protected conduct in order to retaliate against Davis for having engaged in that conduct.  There are no allegations that the Commission was provided with, or was even aware of, the private email exchanges between Davis and Flowers.

Accordingly, the Court concludes that Davis has failed to state a First Amendment retaliation claim against the Commission in either his existing Complaint or his proposed Amended Complaint.

## CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that: 1) Plaintiff's Emergency Motion to Expedite Briefing is DENIED; 2) the Defendant Commission's Motion to Dismiss is GRANTED and the Court DISMISSES WITH PREJUDICE the two counts asserted against it, because Plaintiff has failed to a state claim against the Commission in either the existing Complaint or Plaintiff's proposed Amended Complaint; and 3) Plaintiff's Motion to Amend is DENIED because the Court will not exercise supplemental jurisdiction over the new proposed

18

state-law claims and because the new federal claim that Plaintiff seeks to assert against

Defendant Winfrey, in place of the prior claim asserted against her, is futile.  A judgment closing

this case shall issue forthwith.

       IT IS SO ORDERED.

                            s/Sean F. Cox                   
                            Sean F. Cox
                            United States District Judge

Dated:  December 15, 2020